CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**Cecilia Nicholas**

Civil Action No. 3:10-CV-1565 TJM/DEP

v.

**City of Binghamton, et al**

**IT IS HEREBY ORDERED that,** Pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable DAVID E. PEEBLES, United States Magistrate Judge on **May 20, 2011, at 10:30 PM** at the United States Courthouse, at Binghamton, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the 1st  day of  July, 2011 .

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the 1st  day of  July, 2011 .

**3) DISCOVERY:** All discovery in this action shall be completed on or before the   1st day of   February, 2012      .  **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the  1st  of   April, 2012  . **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

Form Date - 1/3/2010

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the 15th day of July, 2012. It is anticipated that the trial will take approximately five (5) days to complete. The parties request that the trial be held in Binghamton, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6)  HAVE THE PARTIES FILED A JURY DEMAND:    X   (YES) / _____ (NO).**

**7)  DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

YES.

**8)  WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

**Plaintiff**: 1) Excessive Force, 2) Search & Seizure 3) False Arrest, 4) *Monell* Claim, 5) Supervisory Liability, 6) ADA Claim and 7) eight (8) state law claims. **Defendants**: 1) Failure to state a claim; 2) Probable Cause, and 3) Qualified Immunity, etc.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

The parties dispute: 1) whether excessive force was used against the Plaintiff, 2) whether the Plaintiff was a danger to herself or to others, 3) whether the Police Department failed to train and/or supervise the officers involved in this incident, and 4) whether the Police Department failed to properly investigate the Plaintiff complaints

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

The Defendants believe that the issue may be narrowed through dispositive motions at the completion of discovery.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

Defendants seek dismissal of the Complaint in its entirety. Plaintiff seeks compensatory and exemplary damages.

**12) DISCOVERY PLAN:**

### A. Mandatory Disclosures

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before:

June 1, 2011

### B. Subjects of Disclosure

The parties jointly agree that discovery will be needed to address the following subjects:

1) Was the Plaintiff subjected to excessive force? 2) Was there probable cause for her hospitalization under the state mental hygiene law?  3) Were the arresting officers properly trained and supervised?  4) Was the matter properly investigated? and 5) What did and did not happened on the day of the incident that gives rise to this action? These are the subjects that the parties anticipate will require discovery, actual discovery may bring to light additional topics that will have to be pursued.

### C. Discovery Sequence

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

Response to demands will be scheduled and completed within the timetables set forth in the Civil Case Management Plan/Order.   The parties do not anticipate phasing discovery.

### D. Written Discovery

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties will pursue interrogatories, demands for documents, requests for admissions, and schedule depositions only as needed.  The Defendants have already served their initial demands.

**E. Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

The parties expect to depose the Plaintiff, the named Defendants, the NYSEG employee, one or more of the Plaintiff's neighbors, the Plaintiff's husband, and possibly the Plaintiff's treating physicians and/or members of the CPEP unit at UHS who evaluated her during this incident and any other individuals whose testimony would be required to either prove the plaintiff's case or to prove the defendants' defenses.

**F. Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

At this time the parties do not anticipate retaining the services of an expert. However, an expert may be necessary to address some of the Plaintiff's claimed injuries and damages. Should any party chose to retain an expert they will comply with the standard uniform pretrial scheduling order.

**G. Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

Given the nature of this case the Defendant does not anticipate engaging in electronic discovery. However, if such information is requested it can be provided in printed form.

### H. Protective Orders

If the parties anticipate requesting a protective order from the court pursuant to Rule 2 6(c), describe the basis for the request and nature of the proposed protective order.

The City may be required to seek a protective order to prevent the disclosure of its Internal Affairs Investigation of this incident and to protect the officers personnel files, because the City is prohibited from disclosing them without a Court Order under New York Civil Rights Law.

### I. Anticipated Issues Requiring Court Intervention

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

None at this time.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

Yes; No as to bifurcation

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

N/A.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1 – 2 – **3** – 4 – 5 – 6 – 7 – 8 – 9 – 10
**(VERY UNLIKELY)** ---------------------------- **(LIKELY)**
CANNOT BE EVALUATED PRIOR TO   02/01/2012   (DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

The Parties are uncertain how settlement efforts could be assisted.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

---

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.**

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

_____ ARBITRATION
__X*__ MEDIATION
__X*__ EARLY NEUTRAL EVALUATION

*The Plaintiff favors mediation; the Defendants favor early neutral evaluation.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\* Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on _____ at _____
and was attended by:                                    (Date)                          (Place)

_____ for plaintiff(s)

_____ for defendant(s) _____
                                                                                              (party name)

_____ for defendant(s) _____
                                                                                              (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.***