UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CECILIA NICHOLAS,

            Plaintiff,                       ***ANSWER TO***
                                         ***AMENDED***
   -vs-                                 ***COMPLAINT***

CITY OF BINGHAMTON, NEW YORK, and      3:10-CV-1565
Binghamton Police Officers CHARLES
HARDER, JAMES MOONEY, CAPT.              TJM/DEP
JOHN CHAPMAN, and CHIEF JOSEPH
ZIKUSKI,

            Defendants.
_____

     The defendants, Police Officers Charles Harder, James Mooney, Capt. John Chapman, and Chief Joseph Zikuski, through their attorneys, Leonard & Cummings, LLP, answer the Complaint as follows:

     1. The defendants admit only those allegations contained in Paragraphs 5, 6, 7, 8, 9 and the final unnumbered paragraph entitled "MUNICIPAL LAW § 50 Notice of Claim" of the Complaint.

     2. The defendants deny knowledge or information sufficient to form a belief as to the complete truth and accuracy of the allegations contained in paragraphs 1, 2, 3, 4, 10, 11, 12, 15, 46, 49, 53, 54, 55, 56, 57, 58, 59, 62, 64, 65 and 66 of the Complaint.

     3. The defendants deny the allegations contained in paragraphs 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 50, 51, 52, 60, 61, 63, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123,

124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139 and 140 of the Complaint.

4. The defendants deny each and every allegation not specifically admitted herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

5. The defendants restate and reaffirm those allegations set forth in paragraphs 1-4 above as is fully set forth herein.

6. The Plaintiff has failed to state a cause of action as against the defendants.

### AS AND FOR A SECOND DEFENSE:

7. The defendants restate and reaffirm those allegations set forth in paragraphs 1-6 above as is fully set forth herein.

8. The alleged acts of the defendants, if they occurred as alleged, were within the scope of their official duties and were reasonable acts and carried out in good faith.

9. The acts of the defendants, if committed, were at all times based on probable cause, justified, privileged and carried out without any knowledge that they were unjustified, illegal or unconstitutional.

10. The alleged acts of the defendants were at all times proper, legal and necessary under the circumstances.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

11. The defendants restate and reaffirm those allegations set forth in paragraphs 1-10 above as is fully set forth herein.

12. The amount of force used by the defendants, if any, was reasonable under the circumstances, including the Plaintiff's own conduct and actions.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

13. The defendants restate and reaffirm those allegations set forth in paragraphs 1-12 above as is fully set forth herein.

14. The defendants did not search the Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

15. The defendants restate and reaffirm those allegations set forth in paragraphs 1-14 above as is fully set forth herein.

16. If, as alleged, the defendants conducted any searches of the Plaintiff's person, they did so because they had a reasonable suspicion and/or probable cause to give directives, to detain, to arrest and/or to cause the Plaintiff to be searched.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

17. The defendants restate and reaffirm those allegations set forth in paragraphs 1-16 above as is fully set forth herein.

18. The Plaintiff had or was violating the laws of the State of New York.

19. At any time after the Plaintiff violated the law, she had no reasonable expectation of privacy, and any such expectation was unreasonable under the circumstances created by the Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

20. The defendants restate and reaffirm those allegations set forth in paragraphs 1-19 above as is fully set forth herein.

21. The Plaintiff was not subject to criminal arrest.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

22. The defendants restate and reaffirm those allegations set forth in paragraphs 1-21 above as is fully set forth herein.

23. If in fact the Plaintiff was the subject of a search and/or seizure by the defendants, then such search and/or seizure was reasonable under the circumstances based upon probable cause meant to protect any police officer involved, made pursuant to an arrest, based upon exigent circumstances and/or otherwise lawful.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

24. The defendants restate and reaffirm those allegations set forth in paragraphs 1-23 above as is fully set forth herein.

25. Upon information and belief, the action is barred because there is no liability to a municipality where injury occurs in the course of law enforcement.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

26. The defendants restate and reaffirm those allegations set forth in paragraphs 1-25 above as is fully set forth herein.

27. A policy and/or procedure, including the enforcement of any policy or procedure, was not a relevant or moving force behind the alleged constitutional rights and/or alleged violations thereof.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

28. The defendants restate and reaffirm those allegations set forth in paragraphs 1-27 above as is fully set forth herein.

29. The defendants neither knew, nor could have reasonably known, the basis of the Plaintiffs allegations that there was a pattern of unconstitutional acts or omissions as alleged by Plaintiff.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**:

30. The defendants restate and reaffirm those allegations set forth in paragraphs 1-29 above as is fully set forth herein.

31. There was no supervisory encouragement, acquiescence or condonation of the alleged violation of the Plaintiff's constitutional rights.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

32. The defendants restate and reaffirm those allegations set forth in paragraphs 1-31 above as is fully set forth herein.

33. The defendants have total, partial and/or qualified immunity. The defendants are immune from all liability as alleged in the Complaint.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**:

34. The defendants restate and reaffirm those allegations set forth in paragraphs 1-33 above as is fully set forth herein.

35. The defendants may not be subjected to exemplary or punitive damages.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**:

36. The defendants restate and reaffirm those allegations set forth in paragraphs 1-35 above as is fully set forth herein.

37. Upon information and belief, the plaintiff's state and federal claims are barred by the applicable statute of limitations.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**:

38. The defendants restate and reaffirm those allegations set forth in paragraphs 1-37 above as is fully set forth herein.

39. The Court lacks subject matter jurisdiction over the Plaintiff's state law claims.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

40. The defendants restate and reaffirm those allegations set forth in paragraphs 1-39 above as is fully set forth herein.

41. Pursuant to Article 14 of the New York CPLR, if Plaintiff's state law claims for recovery of damages against the defendants were caused, in whole or in part, by the culpable conduct of the Plaintiff and if the Plaintiff is entitled to any damages in this action, such damages must be diminished in proportion to the culpable conduct attributable to the Plaintiff and the culpable conduct which caused the damage.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE:

42. The defendants restate and reaffirm those allegations set forth in paragraphs 1-41 above as is fully set forth herein.

43. Any verdict based on state law determined in this action in favor of the Plaintiff is limited by Article 16 of the New York CPLR.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE:

44. The defendants restate and reaffirm those allegations set forth in paragraphs 1-43 above as is fully set forth herein.

45. If the defendants are held liable upon any cause of action based in state law to the Plaintiff and if any defendants' liability is 50% or less than the total liability assigned to all persons, and/or corporations liable, then each defendants' liability shall not exceed their individual equitable share determined in accordance with the relative culpability of each person/corporation causing or contributing to the total liability.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE:

46. The defendants restate and reaffirm those allegations set forth in paragraphs 1-45 above as is fully set forth herein.

47. That any injuries/damages sustained by the Plaintiff were caused solely or in part by reason of the Plaintiff's own negligence and were not caused or contributed to by reason of any negligence whatsoever on the part of the Defendants.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE:

48. The defendants restate and reaffirm those allegations set forth in paragraphs 1-47 above as is fully set forth herein.

49. Upon information and belief, as to the Plaintiff's state law claims, the Plaintiff failed to mitigate her damages.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE:

50. The defendants restate and reaffirm those allegations set forth in paragraphs 1-49 above as is fully set forth herein.

51. The Plaintiff's alleged free speech activity was not protected by the First Amendment.

### AS AND FOR A TWENTY-SECOIND AFFIRMATIVE DEFENSE:

52. The defendants restate and reaffirm those allegations set forth in paragraphs 1-51 above as is fully set forth herein.

53. The Plaintiff's alleged free speech activity was not protected by the First Amendment.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE:

54. The defendants restate and reaffirm those allegations set forth in paragraphs 1-53 above as is fully set forth herein.

55. The Complaint fails to plead cognizable injuries or damages.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE:

56. The defendants restate and reaffirm those allegations set forth in paragraphs 1-55 above as is fully set forth herein.

**57.** To the extent this action is brought for mental or emotional injury, such action is barred absent a showing of physical injury.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE:

58. The defendants restate and reaffirm those allegations set forth in paragraphs 1-57 above as is fully set forth herein.

59. If in fact the Plaintiff's home was entered by the Defendant Officers, then such entry was reasonable under the circumstances, based upon probable cause, meant to protect the police officers involved, was made in good faith and/or made pursuant to Plaintiff's consent or request that they enter the residence.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE:

60. The Defendants restate and reaffirm those allegations set forth in paragraphs 1-59 above as is fully set forth herein.

61. Defendant Chapman did not trespass, his entry onto the Plaintiff's property, if any, was not wrongful, unjustifiable, and did not involve the performance of an improper, careless wrongful, of unnecessary act thereon.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE:

62. The Defendants restate and reaffirm those allegations set forth in paragraphs 1-61 above as is fully set forth herein.

63. Defendant Chapman did not trespass, if he entered the Plaintiff's property he went no further than those areas open to access by the public, nor

did he bypass any signs or barriers intended to restrict the public's access to these areas.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE:

64. The Defendants restate and reaffirm those allegations set forth in paragraphs 1-63 above as is fully set forth herein.

65. Plaintiff has failed to state a claim of defamation, because the Defendants' statements, if indeed there were any, were true and accurate statements.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE:

66. The Defendants restate and reaffirm those allegations set forth in paragraphs 1-65 above as is fully set forth herein.

67. Plaintiff has failed to state a claim of defamation, because the Defendants' statements, if indeed there were any, were statements of opinion, not assertions of fact.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE:

68. The Defendants restate and reaffirm those allegations set forth in paragraphs 1-67 above as is fully set forth herein.

69. Plaintiff has failed to state a claim of defamation, because the Defendants' oral statements, if indeed there were any, does not impute the commission of a specific indictable offense for which punishment may be inflicted upon conviction.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE:

70. The Defendants restate and reaffirm those allegations set forth in paragraphs 1-69 above as is fully set forth herein.

71.   Plaintiff has failed to state a claim of defamation, because the Complaint fails to plead that the alleged statements affected her business, trade or calling.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE:

72.   The Defendants restate and reaffirm those allegations set forth in paragraphs 1-71 above as is fully set forth herein.

73.   Plaintiff has failed to state a claim of defamation, because the Defendant's statements, if any, were not made with malice.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE:

74.   The Defendants restate and reaffirm those allegations set forth in paragraphs 1-73 above as is fully set forth herein.

75.   Plaintiff has failed to state a claim of defamation, because the Defendant's statements, if any, were protected by an absolute or qualified immunity, in that the alleged statement were made in the course of discharging a public function arising from the speaker's public duties and were communicated to someone with a similar public duty.

**WHEREFORE,** the defendants Police Officers Charles Harder, James Mooney, Capt. John Chapman, and Chief Joseph Zikuski, respectfully request judgment dismissing the Complaint, together with reasonable attorney's fees in an amount yet to be determined by this Court, together with the costs and disbursements of this action, and for such other and further relief as the Court may deem just and proper.

Dated: July 20, 2011
       Binghamton, New York

LEONARD & CUMMINGS, LLP

By: /s/ *Patricia A. Cummings*
    Patricia A. Cummings, Esq.
    Bar Roll No. 301651
Defendant Police Officers
84 Court Street, Suite 402
Binghamton, New York  13901

TO:    Cecilia Nicholas
        Plaintiff, Pro Se
        52 Lathrop Avenue
        Binghamton, NY 13905

        City of Binghamton
        Brian Seachrist, Esq.
        Bar Roll No.: 302695
        Counsel for the City
        City Hall, 38 Hawley Street
        Binghamton, NY 13901

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CECILIA NICHOLAS,

        Plaintiff,                      **CERTIFICATE OF SERVICE**

  -vs-

CITY OF BINGHAMTON, NEW YORK, and       **3:10-CV-1565**
Binghamton Police Officers CHARLES
HARDER, JAMES MOONEY, CAPT.                **TJM/DEP**
JOHN CHAPMAN, and CHIEF JOSEPH
ZIKUSKI,

        Defendants.
_____

      I hereby certify that on the 20th day of July, 2011, I electronically filed the foregoing Answer to Amended Complaint with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

    City of Binghamton
    Brian Seachrist, Esq.
    Bar Roll No.: 302695
    Counsel for the City
    City Hall, 38 Hawley Street
    Binghamton, NY 13901

                                                        /s/ Debra L. Smith
                                                        Debra L. Smith

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CECILIA NICHOLAS,

           Plaintiff,

-vs-

CITY OF BINGHAMTON, NEW YORK, and
Binghamton Police Officers CHARLES
HARDER, JAMES MOONEY, CAPT.
JOHN CHAPMAN, and CHIEF JOSEPH
ZIKUSKI,

           Defendants.

**AFFIDAVIT OF MAIL SERVICE**

3:10-CV-1565

TJM/DEP

STATE OF NEW YORK  )
                               )SS:
COUNTY OF BROOME   )

    Debra L. Smith, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in Windsor, New York. On July 20, 2011, deponent served the within Answer upon:

    Cecilia Nicholas
    Plaintiff, Pro Se
    52 Lathrop Avenue
    Binghamton, NY 13905

at the address designated by said attorney for that purpose by depositing one true copy of same enclosed in a post-paid, properly addressed wrapper, in official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                                Debra L. Smith

Subscribed and sworn to before me
this 20th day of July, 2011.

Notary Public

Patricia A. Cummings
Notary Public, State of New York
No. 5039501
Residing in Broome County
My commission expires February 21, 20 15