UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CECILIA NICHOLAS,

                          Plaintiff,

        v.                                      10-CV-1565

CITY OF BINGHAMTON, NEW YORK, and
Binghamton Police Officers CHARLES HARDER,
JAMES MOONEY, Capt. JOHN CHAPMAN, and
Chief JOSEPH ZIKUSKI.

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff Cecilia Nicholas commenced the instant action against the City of Binghamton and Binghamton Police Officers Charles Harder, James Mooney, Captain John Chapman, and Chief Joseph Zikuski (collectively "Defendants") pursuant to 42 U.S.C. § 1983. By Decision and Order dated August 7, 2012, familiarity with which is presumed, the Court dismissed all of Plaintiffs' claims with the exception of her claims for the use of excessive force, battery, and a violation of N.Y. Civil Rights Law Art. 2 §8. Due to the submission of new medical evidence, the Court granted Defendants leave to reopen discovery and refile a motion for summary judgment with respect to any claims arising out of the handcuffing incident. That discovery has now been completed and Defendants filed a renewed motion for summary judgment.

Defendants' renewed motion for summary judgment was filed on September 25, 2012.  The Clerk of the Court made a notation on the docket as follows: "Plaintiff's Response to Motion due by 10/9/2012."  By letter dated September 26, 2012, the Court sent Plaintiff a notice specifically advising that "**[y]our response to this motion is due on or before October 9, 2012.**" (Dkt. No. 58).  By letter dated October 8, 2012, but not filed with the Court until October 12, 2012,[1] Plaintiff requested an extension of time "due to health reasons."  Although Plaintiff is proceeding pro se, she is an attorney, and, in light of the notices provided to her, was, or reasonably should have been, aware of the date by which opposition papers were required to be filed with the Court - October 9, 2012.  Because Plaintiff did not seek an extension of time before the expiration of the original time, she was obligated to make a motion and demonstrate "excusable neglect" for her failure to act.  Fed. R. Civ. P. 6(b).  Plaintiff did not demonstrate excusable neglect and, accordingly, her request for an extension was denied.  Notwithstanding the denial of her request for an extension of time, on October 17, 2012 (one week after the Court denied the request for an extension of time), Plaintiff filed opposition papers and asked that the Court accept them.  Plaintiff's papers did not demonstrate excusable neglect or otherwise provide a good reason why she could not have requested an extension of time on or before October 9, 2012.  Accordingly, Plaintiff's responsive papers are rejected.

---

[1] Plaintiff claims she attempted to hand deliver the letter to the Court on October 8, 2012.  October 8, 2012 is a federally recognized holiday and, therefore, the Court was closed.  Plaintiff claims she deposited the letter with the United States Postal Service on October 8, that she believed that the Post Office still operated on October 8 notwithstanding the holiday, and that it would be delivered to the Court by October 9.  The letter was postmarked October 9, 2012 in Syracuse, New York.  These circumstances do not establish excusable neglect.

The Court will now address Defendants' unopposed motion for summary judgment. It will be recalled that, in opposition to Defendants' original motion for summary judgment, Plaintiff submitted the affidavit of Michael Rouhana, D.C., claiming to be Plaintiff's medical provider and further opining that the injuries to Plaintiff's wrist were consistent with a traumatic joint injury sustained as a result of the manner in which the handcuffs were applied. In support of its renewed motion for summary judgment, Defendants note that Rouhana never personally treated Plaintiff and that the only care provided to Plaintiff in Rouhana's office was by a physical therapist and physical therapy assistant. Rouhana never personally examined or treated Plaintiff and, therefore, his opinions are in the nature of expert testimony. See Crenshaw v. MONY Life Ins. Co., 318 F. Supp.2d 1015, 1021-23. Because Rouhana was not disclosed as an expert and did not submit an expert report, his opinions must be excluded.

Nevertheless, upon review of Defendants' renewed motion for summary judgment, the Court finds that a triable issue of fact remains. Dr. Nunez's[2] report notes that the records of Plaintiff's treating physician, Dr. Burk Jubelt, refer to injuries to Plaintiff's wrist that appear to be from trauma. Although Dr. Nunez and Dr. Al Khalidi disagree that the injuries are trauma related and that they are consistent with degenerative changes, that is a question of fact for the jury.

Accordingly, the renewed motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: November 16, 2012

---

[2] Dr. Nunez is Defendants' expert.

_/s/ Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge