## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

### HONORABLE THOMAS J. MCAVOY

### AMENDED UNIFORM PRETRIAL SCHEDULING ORDER

**CECILIA NICHOLAS**

    **vs.**                        **Civil No.    3: 10-CV-1565 (TJM-DEP)**

**CITY OF BINGHAMTON, et al.**

    Counsel for all parties having reported on the status of this action as directed by the Court, and the Court having considered the positions of the respective counsel regarding a schedule for the progression of the case,

**IT IS ORDERED** that:

1 ) **THE DEADLINES SET IN THIS SCHEDULING ORDER SUPERSEDE THE DEADLINES SET FORTH IN FED. R. CIV. P.26(a)(3) AND ARE FIRM AND WILL NOT BE EXTENDED, EVEN BY STIPULATION OF THE PARTIES, ABSENT GOOD CAUSE.  See Fed. R. Civ. P. 16(b).**

2) **VENUE MOTIONS** are to be filed **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1 (b)2 and are to be made returnable before the assigned Magistrate Judge.

3) **JURISDICTION MOTIONS** are to be <u>filed</u> **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1 (b)1 (unless a party who is not an attorney is appearing pro se, in which case L.R. 7.1 (b)2 should be followed) and are to be made returnable before the assigned District Judge.

4) **JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made  **CLOSED** .

**5) AMENDMENT OF PLEADINGS:**  Any application to amend any pleading in this action shall be made  **CLOSED** .

**6) DISCOVERY:**

All discovery in this matter is now  **CLOSED** .   Service of discovery requests must be made a sufficient number of days before this deadline to allow responses to be served before the cut-off. Please refer to Local Rule 16.2 (Discovery Cut-Off ).

**Special procedures for management of expert witnesses:**

There shall be binding disclosure of the identity of expert witnesses (including a curriculum vitae) as set forth below.

**(a) Expert Reports.** With regard to experts who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony:

(1) No later than **90 days prior to the discovery deadline** set in paragraph 6 above, **plaintiff(s)** shall identify such expert(s) and unless waived shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

(2) No later than **45 days prior to the discovery deadline** set in paragraph 6 above **defendant(s)** shall identify such expert(s) and unless waived shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

(3) No **depositions of experts** shall be taken until **after** the exchange of the above expert reports.

(4) No later than **30 days prior to the discovery deadline** set in paragraph 6 above, the parties must identify any and all experts who will contradict or rebut evidence on the same subject matter identified by another party under subparagraphs 6(a)(1) and (2) above, and unless waived, shall serve on the other parties such expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

(5)  Motions to preclude expert witness testimony must be filed and served on or before the dispositive motion deadline as set forth in paragraph seven (7) below.

**NOTE:** If a **treating physician** is expected to be called as a witness, he or she must be identified **at least 90 days prior to the close of discovery**. The production of written reports prepared by treating physicians pursuant to Fed. R. Civ. P. 26(a)(2)(B) is encouraged as an aid to settlement but is not required by the Court. (See Notes of Advisory Committee on Rules 1993 Amendment).

(b) The failure to comply with the deadlines set forth in subparagraph (a) above may result in the imposition of sanctions, including the preclusion of testimony, pursuant to Fed. R. Civ. P. 16(f).

(c) In order to avoid the possibility of the unavailability of an expert witness at the time set for trial, counsel may preserve the testimony of such witness as outlined in 11 (B)(2) below for use at trial. In the absence of same the trial will proceed without such testimony.

7) **MOTIONS** other than those made under paragraphs 2 and 3 above are now **CLOSED**.

a) **NON-dispositive MOTIONS.** Non-dispositive motions (except venue motions-paragraph 2 above-and motions for injunctive relief) shall **NOT** be filed until after a conference with the Magistrate Judge, which is to be arranged through the Courtroom Deputy Clerk assigned to the Magistrate Judge. Before requesting such a conference to resolve discovery disputes, the parties must have complied with Local Rule 7.1 (d).

Non-dispositive motions, including discovery motions, shall be filed in accordance with Local Rule 7.1 (b)2 and, except for motions for injunctive relief, shall be made returnable before the assigned Magistrate Judge. Motions for injunctive relief shall be made returnable before the assigned District Judge unless the case has been referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(c) ("consent" jurisdiction).

b) **DISPOSITIVE MOTIONS**.

Dispositive motions shall be made returnable before the assigned District Judge unless the case has been assigned to a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**8) TRIAL DATES:**

 a) If no dispositive motions are filed by the date set in paragraph 7 above, the case will be marked trial ready and counsel and the parties should be prepared to proceed to trial as of that date. Otherwise, the case will be marked trial ready as of  **APRIL 1, 2013** .

 It is anticipated that the trial will take approximately  **4-5 days**  to complete.

 b) Trial is scheduled for **MONDAY, APRIL 22, 2013 at 10:00 A.M.,**  at the Federal Courthouse in **Binghamton**, New York.

 This is a  **JURY**  trial.

 Trial dates are firm unless changed by the assigned Magistrate Judge or District Judge. Counsel and the parties are advised that the trial date may be moved up in accordance with 8(a) above. **The unavailability of any witness, expert or otherwise, will not be grounds for a continuance**. In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial ready date by written or video-taped deposition for possible use at trial.

 **Counsel are directed to be present at the courthouse at least one-half hour prior to trial commencement** to discuss jury selection and any other issues related to trial.

**9) SETTLEMENT CONFERENCE:** A settlement conference pursuant to Fed. R. Civ. P. 16(d) may be scheduled by the Court prior to the trial or as requested by the parties. In addition to counsel, a representative of each party **with full settlement authority** shall attend the settlement conference or be available by telephone.

 Prior to the settlement conference the parties are to have initiated settlement discussions. Plaintiff shall submit a **realistic demand** to defendant at least ten days before the conference, and defendant shall respond at least three days before the conference and shall submit a counteroffer, if appropriate. Failure to comply with these directions may result in sanctions.

**10) ASSESSMENT OF JUROR COSTS:** The parties are advised that pursuant to Local Rule 47.3, whenever any civil action scheduled for a jury trial is postponed, settled, or otherwise disposed of in advance of the actual trial, then, except for good cause shown, all juror costs, including Marshal's fees, mileage, and per diem, shall be assessed against the parties and/or their counsel as directed by the Court, unless the Court and the Clerk's Office are notified at least one full business day prior to the day on which the action is scheduled for trial in time to advise the jurors that it will be unnecessary for them to attend.

## 11)   PRETRIAL SUBMISSIONS

### Mandatory Fed. R. Civ. P. 26(a)(3) Disclosures (Jury and Non-Jury Cases)

**I)    On or before APRIL 8, 2013** counsel shall provide to all other parties <u>and</u> electronically file with the Court the disclosures required under Fed. R. Civ. P. 26(a)(3).

> **Note:**  <u>The unavailability of any witness, expert or otherwise, will not be grounds for a continuance</u>.  In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial ready date by written or video-taped deposition for possible use at trial.  Please refer to the attached instruction sheet for the use of video-taped depositions.

> Those initial pretrial disclosures must include the following:

> a)    The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

> b)    The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered; and

> c)    An identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

**ii)** **On or before APRIL 8, 2013 after service of the Rule 26(a)(3) initial pretrial disclosures**, any party served with such Rule 26(a)(3) disclosures shall serve and electronically file with the Court a list of any objections to the proposed use of deposition testimony designated by another party and objections to the admissibility of exhibits described in the initial disclosures, together with a summary of the grounds for objection.

> **Note:** All objections not disclosed in a timely manner in accordance with this rule, other than objections under Fed. R. Evid. 402 and 403, are waived unless excused by the Court for good cause.

**iii)** **Non-Jury Trials: On or before APRIL 8, 2013** counsel shall electronically file their joint pretrial stipulation (see subparagraph A below) and all depositions (including video-taped depositions) to be used at trial (see subparagraph D below). In addition to this and the required mandatory pretrial disclosures referenced above (i.e., witness, deposition excerpt, and exhibit lists), **on or before APRIL 8, 2013** counsel for each party shall electronically file, with a copy to opposing counsel, **(1)** prepared findings of fact and conclusions of law; **(2)** a letter brief concerning any evidentiary issues (see subparagraph C below); and **(3)** a trial brief (see subparagraph E below).

**iv)** **Jury Trials: On or before APRIL 8, 2013** counsel shall electronically file their joint pretrial stipulation (see subparagraph A below) and all depositions (including video-taped depositions) to be used at trial (see subparagraph D below). In addition, **on or before APRIL 8, 2013** counsel for each party shall electronically file, with a copy to opposing counsel, **(1)** Court Ordered Voir Dire (attachment #1); **(2)** proposed voir dire; **(3)** a letter brief concerning any evidentiary issues (see subparagraph C below; **(4)** a trial brief (see subparagraph E below); and **(5)** requests to charge, including a proposed Special Verdict Questionnaire (see subparagraph F below).

**(A)** **PRETRIAL STIPULATIONS:** A joint pretrial stipulation shall be subscribed by counsel for all parties and be electronically filed with the Court **on or before APRIL 8, 2013** and shall contain:

**(1)** The basis of federal jurisdiction;

**(2)** A list of all exhibits which can be stipulated into evidence or which will

be offered without objection as to foundation;

      **(3)**    Relevant (a) facts not in dispute, (b) facts in dispute, and (c) issues of law to be considered and applied by the Court.

**(B)**    **EXHIBITS:** All exhibits shall be marked for identification in the manner prescribed below prior to the filing of the trial briefs. A complete set of copies of the exhibits, along with the original and one copy of the exhibit list (see subparagraph 1 below), shall be presented to the Judge's Courtroom Deputy Clerk at the beginning of the trial.

      The exhibits shall have been inspected by the opposing party and copied at their expense (unless waived) **NO LATER THAN APRIL 8, 2013**.  All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to documents, photographs, charts, diagrams, etc., shall be assembled in **BINDERS** with each document properly marked at the lower right corner for identification purposes as directed below. In voluminous cases, consult with the Judge's Courtroom Deputy Clerk for the proper procedure to follow.

      **\*NOTE**:  **During the course of trial the Courtroom Deputy Clerk shall take charge of exhibits which are received into evidence.  At the conclusion of the trial, the Deputy Clerk will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal.**

      **(1) EXHIBIT LISTS:**  The exhibits shall be listed on the form prescribed by the Court, a copy of which is attached to this Order. Counsel are to supply all the requested information with the exception of the two "Date Boxes" which should remain blank. The original exhibit list shall be electronically filed with the Court.  A copy of the exhibit list shall be given to the Judge's Courtroom Deputy Clerk along with the exhibits at the beginning of the trial.

      **(2) EXHIBIT MARKERS:**  Counsel shall fill in the appropriate markers leaving the "File" and "Deputy Clerk" lines blank. All exhibits shall be assigned numbers by using a prefix of "P" for plaintiff, "D" for defendant, and "G" for Government (U.S. Attorney).

Plaintiff's exhibits should be denoted as: P-1, P-2, P-3, etc. Defendant's exhibits should be denoted as: D-1, D-2, D-3, etc. Government's exhibits should be denoted as: G-1, G-2, G-3, etc. In cases involving multiple defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit. If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit. Each exhibit shall also have an exhibit number in the upper right hand corner of the exhibit. (P-1, P-2, etc. or D-1, D-2, etc.)

**(C) <u>EVIDENTIARY ISSUES (Motions in Limine)</u>:   Counsel** may file with the Court, with a copy to opposing counsel, a letter brief containing a concise statement of any and all evidentiary issues to be presented upon trial, citing the applicable rules of evidence and case law.  Any in-limine motions are to be filed on or before  <u>**APRIL 1, 2013**</u>  .  Opposition Response shall be due 7 days thereafter.

**(D) <u>DEPOSITIONS</u>:** All depositions (including video-taped depositions) to be used at trial shall be electronically filed with the Court on or before APRIL 8, 2013.  Not earlier than one week and not less than four days prior to the Trial Ready Date, each party shall indicate to the other party the portion of the deposition to be offered. To the extent possible, objections are to be resolved between the parties. Areas of unresolved disagreement shall be presented to the Court for ruling prior to the Trial Ready Date. (See attached instruction sheet for use of video-taped depositions.)   **\*\* NOTE:  Parties are advised that any technical support in the redaction of a video-deposition is the sole responsibility of that party. \*\***

**(E) <u>TRIAL BRIEFS</u>:   On or before APRIL 8, 2013** counsel shall electronically file with the Court, with a copy to opposing counsel a trial brief containing argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law.

**(F) <u>REQUESTS TO CHARGE:</u> On or before APRIL 8, 2013,** counsel shall electronically file with the Court a request to charge and a proposed Special Verdict Questionnaire.  <u>These documents shall also be sent in a text format (*i.e.,* WordPerfect</u>

or Word, but not .pdf format) to Judge McAvoy's electronic mail box
NYND_TJM_ECF_NOTICES@ nynd.uscourts.gov, with a copy to opposing counsel
(** **Note:  email address is letter sensitive (i.e., capital letters vs. small letters)**). The request to
charge need only include instructions that are specific to the law in this case
regarding liability, damages, and any unusual issues. The Court has the usual
boilerplate charge.


Dated:   January 25, 2013


Thomas J. McAvoy
Senior, U.S. District Judge

COURT ORDERED VOIR DIRE
TO BE USED BY THE JUDGE AT TRIAL

CASE TITLE:
CIVIL ACTION NO.:
ASSIGNED JUDGE OR MAGISTRATE JUDGE:

ATTACHMENT #(1)

Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court one week in advance of the trial ready date.

NAMES AND ADDRESSES OF ALL PARTIES TO THE LAWSUIT:

(use additional page if necessary)

YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.

(use additional page if necessary)

SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREAS OF EXPERTISE.

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF ACTION IN THE COMPLAINT.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE ASSERTED AS WELL AS A STATEMENT ADDRESSING ANY COUNTERCLAIMS RAISED IN THE ANSWER.

(use additional page if necessary)

--------------------------------

PLEASE TAKE NOTICE that any delay in jury selection occasioned by the failure to provide this information will be explained to the jury as to the extent of the delay and the attorney causing same and if the delay causes a one (1) day or more postponement of this trial, appropriate monetary sanctions will be imposed by the Court.

Submitted by: _____

Dated: _____

12

**FINAL PRETRIAL ORDER  -  CONTINUED...**

<u>**INSTRUCTIONS FOR THE USE OF VIDEO TAPED DEPOSITIONS**</u>

COUNSEL ARE TO VIEW ALL VIDEOTAPES WHICH MAY BE OFFERED INTO EVIDENCE AT THE
TIME OF TRIAL.  ALL VIDEO-TAPED DEPOSITIONS TO BE USED AT TRIAL SHALL BE FILED WITH THE
CLERK'S OFFICE AT LEAST ONE WEEK BEFORE THE TRIAL READY DATE.  NOT EARLIER THAN ONE
WEEK AND NOT LESS THAN FOUR DAYS PRIOR TO THE TRIAL READY DATE, EACH PARTY SHALL
INDICATE TO THE OTHER PARTY THE PORTION OF THE DEPOSITION TO BE OFFERED.  TO THE
EXTENT POSSIBLE, OBJECTIONS ARE TO BE RESOLVED BETWEEN THE PARTIES.  COUNSEL SHALL
SUBMIT ALL OBJECTIONS IN WRITING TO THE COURT FOR RULING PRIOR TO THE TRIAL READY
DATE.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE CLERKS OFFICE HAS AVAILABLE A VHS FORMAT VIDEO CASSETTE PLAYER, DVD PLAYER AND
TELEVISION FOR USE AT TRIAL.  PLEASE BE ADVISED THAT YOU MUST PROVIDE A PERSON  TO RUN
THE EQUIPMENT DURING THE COURSE OF THE TRIAL.  ADDITIONAL COURTROOM  TECHNOLOGY
 INFORMATION MAY BE OBTAINED ON THE COURT'S WEBPAGE  WWW.NYND.USCOURTS.GOV.

 **\*\*  NOTE:   Parties are advised that any technical support needed in the
redaction of a video-deposition shall be the sole responsibility of that party. \*\***

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

<u>ELECTRONIC VISUAL EVIDENCE PRESENTER</u>

<u>IN ADDITION TO THE VIDEO EQUIPMENT NOTED ABOVE, THE COURT HAS AVAILABLE A VISUAL</u>
<u>EVIDENCE PRESENTER WHICH WILL ALLOW COUNSEL TO DISPLAY PHOTOS (NEGATIVES OR</u>
<u>POSITIVES), DOCUMENTS, X-RAYS, AND 3-D OBJECTS , WITHOUT WIRES,  ON TELEVISIONS PLACED</u>
<u>THROUGHOUT THE COURTROOM.  THIS EQUIPMENT IS AVAILABLE AT THE COURTHOUSES IN</u>
<u>ALBANY, SYRACUSE, UTICA AND BINGHAMTON.   USE OF THE VISUAL PRESENTER MAY BE</u>
<u>REQUIRED BY THE TRIAL JUDGE PRESIDING OVER YOUR CASE.  **FOR FURTHER INFORMATION**</u>
<u>**AND/OR A DEMONSTRATION ON THE USE OF THIS EQUIPMENT, PLEASE CONTACT THE**</u>
<u>**COURTROOM DEPUTY CLERK FOR THE ASSIGNED TRIAL JUDGE.**</u>

13

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |

Page _____ of _____

United States District Court
For The Northern District Of New York

Case No. _____

Date: _____

Presiding Judge: _____

(___) Plaintiff                    (___) Defendant                    (___) Court

| Exhibit No. | Marked for Identification (court only) | Admitted Into Evidence (court only) | Remarks (court only) | Witness (court only) | Exhibit Description |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Exhibits Returned To Counsel (Date): _____    Signature: _____

PRETRIAL & SETTLEMENT CONFERENCE STATEMENT
# ( NOT FOR PUBLIC VIEW )

__   ** THIS DOCUMENT WILL BE PROVIDED TO THE CLERK AND
NOT FILED IN ACCORDANCE WITH L.R. 5.7

CASE NAME: _____ vs. _____

ACTION NO.: _____

ASSIGNED JUDGE: _____

ASSIGNED MAGISTRATE JUDGE: _____

    Each Attorney is required to submit the following information on behalf of his or her client in short, concise form, in order to present a brief overview of the facts of the case.  This information will be used by the Court during the scheduled final pretrial/settlement conference and therefore must be provided to the Court five (5) days in advance of the conference date.

PARTY/PARTIES REPRESENTED;

_____

_____

_____

_____
(use additional page if necessary)

A BRIEF PERSONAL HISTORY REGARDING YOUR CLIENT(S);

_____

_____

_____

_____
(use additional page if necessary)

i

A BRIEF STATEMENT OF THE FACTS OF THE CASE;

_____

_____

_____

_____

(use additional page if necessary)

A BRIEF STATEMENT OF THE CLAIMS AND DEFENSES, i.e., STATUTORY OR OTHER
GROUNDS UPON WHICH THE CLAIMS ARE FOUND; AND EVALUATION OF THE PARTIES'
LIKELIHOOD OF PREVAILING ON THE CLAIMS AND DEFENSES; AND A DESCRIPTION OF
THE MAJOR ISSUES IN DISPUTE; SET FORTH ANY DEMANDS OR OFFERS FOR
SETTLEMENT

_____

_____

_____

_____

(use additional page if necessary)

A SUMMARY OF THE PROCEEDINGS TO DATE;

_____

_____

_____

_____

(use additional page if necessary)

AN ESTIMATE OF THE COST AND TIME TO BE EXPENDED FOR FURTHER DISCOVERY, PRETRIAL AND TRIAL;

_____

_____

_____

(use additional page if necessary)

A BRIEF STATEMENT OF THE FACTS AND ISSUES UPON WHICH THE PARTIES AGREE;

_____

_____

_____

_____

(use additional page if necessary)

ANY DISCREET ISSUES WHICH, IF RESOLVED, WOULD AID IN THE DISPOSITION OF THE CASE;

_____

_____

_____

_____

(use additional page if necessary)

THE RELIEF SOUGHT;

_____

_____

_____

(use additional page if necessary)

THE PARTIES' POSITION ON SETTLEMENT, INCLUDING PRESENT DEMANDS AND OFFERS, THE HISTORY OF PAST SETTLEMENT DISCUSSIONS, OFFERS AND DEMANDS;

_____

_____

_____

(use additional page if necessary)

PREFERRED TRIAL LOCATION, APPROXIMATE LENGTH OF TRIAL, AND WHETHER TRIAL IS JURY OR NON-JURY;

_____

_____

_____

_____

(use additional page if necessary)

The Court requires that each party be represented at each pretrial conference by an attorney who has the authority to bind that party regarding all matters identified by the Court for discussion at the conference and all reasonably related matters including settlement authority.

Copies of the settlement statement shall be served upon the other parties at the time the statement is provided to the Court. This document will not be filed and will not be made available for public view.

Should the case be settled in advance of the pretrial/settlement conference date, counsel are required to notify the court immediately.  Failure to do so could subject counsel for all parties to sanctions.

Signature of Counsel:  _____


Dated:  _____

iv

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of _____

|  |  |
|---|---|
| Plaintiff<br>V.<br><br>Defendant | NOTICE, CONSENT, AND ORDER OF EXERCISE OF JURISDICTION BY A UNITED MAGISTRATE JUDGE<br><br>Case |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

v

### ORDER OF REFERENCE

       IT IS ORDERED that this case be _____

United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with

28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____      _____

     Date                                United States District Judge

NOTE:   RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED

       ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

vi