UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

Cecilia Nicholas,
        Plaintiff                      Case #: 3:10-cv-01565-TJM-DEP

   -vs-
                                         Notice of Motion to Reargue

City of Binghamton, New York, et al
        Defendants

_____

TO: Brian M. Seachrist, Esq.
     Deputy Corporation Counsel
     City of Binghamton
     38 Hawley Street
     Binghamton, New York 13901
         and
     Patricia A. Cumminings, Esq.
     Leonard, Cummings Law Firm
     84 Court Street
     Binghamton, New York 13901

PLEASE TAKE NOTICE that the undersigned attorney for Plaintiff respectfully requests the Court for an opportunity to argue or "reargue," as the case may be, at a time convenient to the Court, Defendant's motion/request "that Plaintiff be directed to provide "speaking medical authorizations" from his client and provide same to defense counsel," on the grounds that this request **was improperly granted by the Court** (See *Minute Entry: In-Chambers Final Pre-Trial Settlement Conference held 1/25/13*), **for the following specific reasons**:
  (1) The "request" was not made pursuant to a proper written application by Defendants, supported by oath or affirmation, setting forth legal grounds and reasons why the Court should grant such an extraordinary "request/motion;" and
  (2) Plaintiff was given no opportunity to object or state reasons why such a request and subsequent order should be denied and, if fact, was grossly improper; and
  (3) Discovery in this case was closed a full 11 months ago, on March 1, 2012, and we are a mere 10 weeks from jury trial; and
  (4) When Plaintiff, Cecilia Nicholas, moved to extend the discovery deadline, her motion was opposed by Defendants (see document #25), and Magistrate Peebles denied her motion to extend the discovery deadline, thus confirming that deadline to be March 1, 2012; and
  (5) *HIPPA* does not in blank authorize *ex parte* contact by defense counsel (in a litigation context) with Plaintiff's health care providers; rather compliance with

      HIPPA's procedural safeguards by a carefully crafted order of the Court, if indeed granted, is a necessary step to effectuate such contact; and

(6) It will take several weeks to argue and brief this specific issue, and for the Court to reach an intelligent decision complying with the procedural safeguards imposed by HIPPA, the CFR, and applicable case law, thus invariably and inappropriately delaying the jury trial date fixed by the Court; and

(7) If the Court merely regards a few cases it will see the veritable hornet's nest it has opened up due to the *mischief making* and *sharp practice* of Defense counsel. These Cases are: **(a)** <u>EEOC v Boston Market Corporation,</u> *Case No: cv-03-4227(LD4W) (WDW) 2004 U.S. Dist. LEXIS 27338 (E.D.N.Y. Dec.16, 2004*; **(b)** <u>Crenshaw v Mony Life Insurance Co.</u>, *318 F. Supp 2nd 1015(S.D.Cal.2004)*; and **(c)** <u>Bayne v Provost</u> *359 F. Supp 2nd 234, 240-41 NDNY 2005.*

WHEREFORE, Plaintiff attorney respectfully requests the opportunity and indeed his right to argue, and provide a memorandum of law, on this issue, once the Defendants make a proper application for such extraordinary relief, relief which was granted *ex cathedra* by this Court.

                                                  Respectfully submitted,

January 29, 2013                                    Bar Roll # 517925

                                                  _____

                                                  Salvatore M. Latona, Esq.
                                                  Attorney for Plaintiff
                                                  57 Front Street
                                                  Binghamton, New York 13905