**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**CECILIA NICHOLAS,**

                       **Plaintiff,**

          v.                             **3:10-CV-1565**

**CITY OF BINGHAMTON, NEW YORK, and**
**Binghamton Police Officers CHARLES HARDER,**
**JAMES MOONEY, Capt. JOHN CHAPMAN, and**
**Chief JOSEPH ZIKUSKI.**

                       **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Cecilia Nicholas commenced the instant action against the City of Binghamton and Binghamton Police Officers Charles Harder, James Mooney, Captain John Chapman, and Chief Joseph Zikuski (collectively "Defendants") pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for: (1) default judgment; and (2) rescission of the Court's Order directing Plaintiff to provide speaking medical authorizations. Defendants oppose the motions.

**I.**        **Default Judgment**

Plaintiff seeks default judgment on the ground that Defendants have not responded to Plaintiff's Second Amended Complaint. The Second Amended Complaint was filed in May 2012 and, according to Plaintiff's motion for leave to file an amendment, "does not introduce

any new facts or change any existing ones." Rather, the amendment merely added a request for "equitable relief based on the same allegations already set forth . . . ."

Although, from a technical standpoint, Defendants may have been obligated to file an amended answer, to grant a default under the circumstances of this case would be to exalt form over substance. Any amended answer would have done little to alter the nature of this case or otherwise provide any benefit. "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the [allegedly] defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). It is quite clear that Defendants have appeared in this action, defended it, and intend to continue to defend it. The Court, therefore, finds no basis for entering a default judgment and the motion is DENIED.

## II.	Speaking Authorizations

Plaintiff next claims that the Court granted Defendants' oral application for speaking authorizations with respect to Plaintiff's treating physicians based on misrepresentations. Plaintiff claims that there was no proper written application for such authorizations, Plaintiff was not afforded an opportunity to object to the request, discovery in this case was closed in March 2012, Plaintiff's request to extend discovery was previously denied, HIPPA does not authorize *ex parte* contact by defense counsel, and it will take Plaintiff's counsel weeks to argue and brief the applicability of HIPPA.

Defendants served Plaintiff with, among other thing, HIPPA releases authorizing Defendants to obtain Plaintiff's medical records. Plaintiff did not provide medical authorizations until the day she was deposed. Thus, Defendants did not have the benefit of all of Plaintiff's medical records on the day she was deposed.

By commencing this litigation and claiming personal injuries, Plaintiff has put her medical condition at issue. Accordingly, Defendants are entitled to explore her medical condition as part of their defense. While HIPPA unquestionably places restrictions and protections in place, for the reasons stated in <u>Palazzolo v. Mann</u>, (E.D. Mi. 2009) and <u>Bayne v. Provost</u>, 359 F. Supp.2d 234 (N.D.N.Y. 2005) (Treece, M.J.); <u>see</u> also <u>Luna v. Kennett HMA, Inc.</u>, (E.D. Mo. 2007), and consistent with the restrictions stated therein, the Court finds that, provided an appropriate protective order is put in place (which Defendants shall supply to the Magistrate Judge for approval), Defendants may speak with Plaintiff's treating physicians on an *ex parte* basis.

For the foregoing reasons, Plaintiff's motion for a default judgment is DENIED and the motion to rescind the prior order concerning speaking authorizations is GRANTED. However, Plaintiff shall either provide consent for such speaking authorizations or Defendants may apply to the Magistrate Judge for approval of an appropriate protective order allowing them to speak with the treating physicians on an *ex parte* basis.

IT IS SO ORDERED.

Dated: February 28, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge