UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CECILIA NICHOLAS,

                        Plaintiff,

      v.                              10-CV-1565

CITY OF BINGHAMTON, NEW YORK, and
Binghamton Police Officers CHARLES HARDER,
JAMES MOONEY, Capt. JOHN CHAPMAN,
and Chief JOSEPH ZIKUSKI,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Defendant City of Binghamton moves for costs and legal fees pursuant to 42 U.S.C. 1988(b) claiming that Plaintiff maintained her action in bad faith and her claims were frivolous.

**I.    FACTS**

Plaintiff initially filed numerous claims pursuant to 42 U.S.C. 1983 alleging false arrest, free speech retaliation, an illegal search, an illegal warrantless invasion of her private residence, and the use of excessive force. Plaintiff also filed state law claims for the intentional infliction of emotional distress; battery; abuse of process; trespass; defamation; violations of N.Y. Civil Rights Law Art. 2 § 8, N.Y. Civil Rights Law Ar. 4-B § 47-B, N.Y. Exec. Law Art. 15 § 296(14); and a claim under Title II of the American with Disabilities Act (ADA). With the exception of the claims for excessive force, battery, and a violation of N.Y. Civil

Rights Law Art. 2 § 8 (all of which are similar in nature), Plaintiff's claims were dismissed on summary judgment. Dkt. No. 54. After a trial, the jury returned a verdict in favor of the Defendants on all remaining claims. Dkt. No. 131.

Defendant City of Binghamton now moves for attorney's fees pursuant to 42 U.S.C. § 1988(b) as a prevailing defendant in a civil rights action. The City claims that Plaintiff's action was in bad faith, or later became so, and that Plaintiff's claims were frivolous.

## II. STANDARD OF REVIEW

The longstanding "American Rule" is that parties are responsible for their own litigation costs, "including attorney's fees, regardless whether he wins or loses." Fox v. Vice, 131 S. Ct. 2205, 2213 (2011); see Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247. Pursuant to 42 U.S.C. § 1988, the Court may award attorney's fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978); see also Fox v. Vice, 131 S. Ct. at 2213 (discussing Christiansburg). Attorney's fees can also be awarded if the plaintiff continued to litigate after it became clear her claim was frivolous, unreasonable, or groundless. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 765, 770 (2d Cir. 1998). As the Court explained in Christiansburg, in enacting § 1988, Congress sought to "protect defendants from burdensome litigation having no legal or factual basis." Christiansburg, 434 U.S. at 420. Although attorney's fees are to be rarely awarded against pro se parties, see Haines v. Kerner, 92 S. Ct. 594, 595 (1972), here plaintiff is a lawyer and, therefore, she cannot claim the consideration usually afforded to pro se plaintiffs. See Harbulak v. County of Suffolk, 654 F.2d 194, 198 (2d Cir. 1981); Serbalik v. Gray, 199 F.3d 1323 (2d Cir. 1999).

## III. DISCUSSION

### a. Whether Defendants are Entitled to Attorney Fees Pursuant to 42 U.S.C. § 1988

#### 1. False Arrest

Plaintiff's claim of False Arrest was without merit because the officers acted with probable cause or, at the very least, arguable probable cause. It was undisputed that the arresting officer observed Plaintiff laying on the hood of an idling vehicle. As the Court previously held, Plaintiff put herself in a position where the officer could have perceived a "probability or substantial chance of dangerous behavior" by climbing onto a hood of an idling vehicle. Dec. & Ord. pp. 8-10, August 8, 2012; see Burdick v. Johnson, 2009 WL 1707475, at *6 (N.D.N.Y. June 17, 2009). Probable cause also existed to arrest Plaintiff for disorderly conduct. Plaintiff obstructed a vehicle and created a hazardous condition by climbing onto the vehicle which served no legitimate purpose in violation of N.Y. Penal Law 240.20. Observing Plaintiff on the hood of a running vehicle, Officer Harder had probable cause to arrest. Dec. & Ord. p. 11; see Amore v. Novarro, 624 F.3d 522, 536 (2d Cir. 2010). The undisputed facts gave rise to probable cause, or at least arguable probable cause to arrest and, thus, Plaintiff's claim was baseless.

#### 2. First Amendment

Plaintiff's free speech retaliation claim was dismissed for the same reason as her false arrest claim–the existence of probable cause. Dec. & Ord. pp. 12-3. As such, Plaintiff's claim of First Amendment claim under 42 U.S.C. § 1983 was groundless.

3. Unlawful Search

Plaintiff's illegal search claim was dismissed because there was insufficient evidence that any of the named Defendants were involved in the pat down or inventory search and because any such search incident to arrest would not have been unlawful. See United States v. Perea, 986 F.2d 633, 643 (2d Cir. 1993); see also Virginia v. Moore, 553 U.S. 164, 177 (2008); Dec. & Ord. p. 14. Plaintiff alleged in her Complaint and during her deposition that the hospital staff, and not Defendants, performed a search of her person and purse. Dec. & Ord. p. 13. Plaintiff then refuted her own testimony in her papers in opposition to Defendants' motion for summary judgment and stated the Defendant police officers performed the search. Plaintiff offered no explanation for her contradictory statements. Id. at n. 3. Accordingly, there was no reasonable factual basis for Plaintiff's claim of an illegal search.

Plaintiff further alleged that Defendants illegally entered her home and that Defendants Chief Zikuski and Capt. Chapman failed to properly supervise the arresting officers. When Defendants moved for summary judgment on these issues, Plaintiff offered no opposition to this motion. No facts have been presented reasonably suggesting an illegal entry or improper supervision sufficient to state a claim under § 1983. Dec. & Ord. pp. 14-6; 27-8; n. 6. This strongly suggests that these claims were not brought in good faith.

4. Excessive Force

Plaintiff's claims of Excessive Force, a violation of N.Y. Civil Rights Law Art. 2 § 8, and battery survived summary judgment due to factual discrepancies concerning the manner in which Plaintiff was removed from the vehicle and whether, due to the handcuffs, Plaintiff

sustained any injuries stemming from either of those instances. The jury returned a verdict of no cause of action in favor of Defendants.

Generally, a claim cannot be considered meritless, groundless, or frivolous if the plaintiff gave a "sufficient evidentiary showing to forestall summary judgment and has presented sufficient evidence at trial" to preclude a judgment as a matter of law. LeBlanc-Sternberg v. Fletcher, 143 F.3d at 770. However, a plaintiff whose claims survive summary judgment is not immune from an award of attorney's fees and costs to a prevailing defendant. Ehrlich v. Inc., Vill., of Sea Cliff, 389 Fed. Appx. 59, 61 (2d Cir. 2010).

At trial, Plaintiff's evidence as to the claim of excessive force was wholly lacking. Plaintiff introduced little evidence to support her claim that Defendants used excessive force or that she sustained injury as a result of Defendants' conduct. Prior to trial, Plaintiff was provided with recorded statements of three eye-witnesses that did not support her version of events. Nevertheless, she persisted in going to trial. At trial, Plaintiff submitted pictures from the evening she was arrested. These images were digitally enhanced to try and highlight the claimed injuries. Plaintiff produced no witnesses to the incident that corroborated her allegations. Defendants, on the other hand, presented substantial evidence concerning Plaintiff's behavior that supported their version of events. There was a complete lack of evidence reasonably supporting Plaintiff's claim that Defendants used excessive force in removing her from the vehicle or that they caused any injury to her wrist.

In addition, Plaintiff initially alleged various forms of injury that could not be substantiated, thereby causing her to file an amended pleading withdrawing those claims. Plaintiff also knew that her treating physician opined that the arthritis in her wrists was not caused by Defendants' actions. The other evidence Plaintiff submitted at trial did not go to

the heart of the issue in controversy. In short, there was scarce evidence supporting Plaintiff's claims. See Gerena-Valentin v. Koch, 739 F.2d 755, 761 (2d Cir. 1984). For the foregoing reasons, the Court finds Plaintiff's claims under § 1983 were frivolous and that Defendants are entitled to attorney's fees and costs pursuant to § 1988 in relation thereto.

      b.     The ADA Claim

The fee shifting provision under 42 U.S.C. § 12205 is similar to that under 42 U.S.C. § 1988. See Parker v. Sony Pictures Entm't Inc., 260 F.3d 100, 111 (2d Cir. 2001). Accordingly, in its discretion, the Court may award the prevailing party attorney's fees and costs if the claims were "frivolous, groundless, or . . . the plaintiff continued to litigate after it clearly became so. Id.

Plaintiff claimed the named Defendants did not reasonably accommodate her disability by refusing to allow her service dog to accompany her while being transferred to the hospital for behavioral analysis. Plaintiff filed these claims only against the individual officers. Dec. & Ord. pp. 20-1. It is well settled that individuals may not be held personally liable under the ADA. See Garcia v. S.U.N.Y Health Sci., Ctr., of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001). Although Plaintiff is pro se, she is an attorney and should reasonably have been aware of this legal principle. The Court, therefore, finds Plaintiff's claim was groundless and that Defendants are entitled to attorney's fees and costs pursuant to § 12205.

      c.     Plaintiff's State Law Claims

Several of the state law claims brought by Plaintiff underscore the frivolity of this action. The intentional infliction of emotional distress claim was lacking in evidence as to both the sufficiency of extreme conduct or emotional injury. Plaintiff's claim for abuse of process also was frivolous, "as the facts [were] devoid of any allegations concerning any

'collateral objective'" to Defendants' actions. Dec. & Ord. p. 32. The defamation claim also was baseless. As the Court previously stated, Officer Harder was required to make a written statement as to Mental Hygiene Law § 9.41, and when the Defendants said "behavioral", they were speaking to the ambulance personnel. Dec. & Ord. p. 33-4. Clearly, Defendants did not act beyond their qualified privilege. Further, nothing Defendants said or did was actually false. Id. at 35-6. Plaintiff's claim of defamation had no reasonable foundation.

Although the Court, in its discretion, declines to award attorney fees or costs in connection with the State law claims, the nature of the State law claims substantiates the frivolity of Plaintiff's action as a whole, including the § 1983 claims.

### d. Determining Defendants' Attorney's Fees and Costs

Under § 1988, at the discretion of the Court, the prevailing party may be awarded "reasonable attorney's fee[s]." See LeBlanc v. Flectcher, 143 F.3d at 758 (same under 42 U.S.C. § 12205: see Parker, 260 F.3d at 111). Courts use the "presumptively reasonable fee" test from the "lodestar" calculation. Simmon v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). Using this method, the Court "bear[s] in mind all of the case-specific variables . . . relevant to the reasonableness of attorney's fees in setting an hourly rate." Id. (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 493 F.3d 110, 117 (2d Cir. 2007)). The calculation requires the determination of a reasonable hourly rate for the attorney(s) and the reasonable number of hours, then multiplying the two figures to determine the "presumptively reasonable fee award." Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 141 (2d Cir. 2007).

"The reasonable hourly rate is what the client would be willing to pay" and in reaching this figure the Court uses the hourly rates in the district where the Court is located.

Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 190; see in re Agent Orange Prods. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987).

The City has failed to provide the Court with sufficiently detailed bill.  It provides no detail concerning the number of hours expended and the reasons therefore, placing the Court in a position where it cannot calculate the reasonableness of the claimed attorney's fees and costs based on the various factors the Court must take into account. See Hensley v. Eckerhart, 461 U.S. 424, 430 at n. 3, 434 (1983).

## IV.     CONCLUSION

For the forgoing reasons, the Court finds that Plaintiff's claims against Defendants were without merit and the City is entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205.  The Court declines to award any attorney fees or costs with respect to the state law claims.  Defendants may submit materials that contains sufficient detail to allow the Court to conduct a meaningful review of claimed fees (excluding time spent on the State law claims) and costs on or before October 3, 2013.  Plaintiff may file papers in response on or before October 18, 2013.

IT IS SO ORDERED.

Dated: September 3, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge