**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**CECILIA NICHOLAS,**

                               **Plaintiff,**

          v.                                   **10-CV-1565**

**CITY OF BINGHAMTON, NEW YORK, and**
**Binghamton Police Officers CHARLES HARDER,**
**JAMES MOONEY, Capt. JOHN CHAPMAN, and**
**Chief JOSEPH ZIKUSKI.**

                               **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

By Order dated September 3, 2013, the Court granted Defendant's motion for attorney fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205. See Dec. and Order, ECF No. 143. The Court declined to award any attorney fees or costs with respect to the state law claims. Id. Defendants were permitted to submit materials allowing the Court to conduct a meaningful review of the claimed attorneys' fees and costs. The Court has now received Defendant's Attorney's Affidavit Concerning Costs and Expenses and Plaintiff's Motion for Reconsideration. See Aff. in Supp., ECF No. 144; Mot. for Reconsideration., ECF No. 147 (amended at No. 148).

**I.      STANDARD**

    **a.      Plaintiff's Motion for Reconsideration**

Plaintiff moves for reconsideration of the Court's order awarding fees arguing that her suit was not frivolous. ECF. No 148. It will be recalled that all but Plaintiff's claim regarding use of excessive force were dismissed on summary judgment. See Mem.-Dec. and Ord., ECF No. 54. In April 2013, a jury found no cause of action on Plaintiff's remaining claim. See Jury Verdict, ECF No. 131. On May 20, 2013, Plaintiff filed a notice of appeal. ECF No. 148 at 2, ¶ 5. However, Plaintiff did not follow through in continuing with the appeal. Id. at ¶ 7. By Order dated September 3, 2013, the Court granted Defendant's motion for attorney fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205. See ECF No. 143. Because this Court determined that Plaintiff's claims against Defendants were without merit, the City is entitled to attorney's fees and costs.

> Rule 60 of the Federal Rules of Civil Procedure provides, in pertinent part, that
>
> [o]n motion . . ., the court may relieve a party . . . from a final judgment for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Reconsideration of a prior decision "is discretionary, and the factors that generally compel reconsideration are 'an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Musaelian v. Posada, 1997 WL 733865, at *1 (N.D.N.Y. 1997) (quoting Virgin Atlantic Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "Naturally, a Court is disinclined to reconsider a prior decision unless a party has satisfied one of these factors," and "is properly granted only upon a showing of exceptional circumstances." Musaelian, 1997 WL 733865 at *1; La Grande v. Decrescente Dist. Co., Inc., 2009 WL 890584, at *4 (N.D.N.Y. 2009). Moreover, "a motion for reconsideration 'is not a mechanism to allow parties to relitigate contentions and arguments already briefed, considered and decided." La Grande, 2009 WL 890584 at *4 (quoting Yankelevitz v. Cornell Univ., 1997 WL 115651, at *2 (S.D.N.Y. 1997)).

Here, Plaintiff has not argued a mistake in the final judgment; she has not presented newly discovered evidence that could not have been reasonably discovered in time to move for a new trial; she has not meritoriously argued fraud, misrepresentation, or misconduct on Defendant's behalf; she has not argued that the judgment is void or that it has been satisfied, released, or discharged; and she has not given the Court any other reason that would justify such relief. Rather, Plaintiff uses her motion for reconsideration to restate contentions and arguments already briefed, considered, and decided. Moreover, she reflects on aspects of this matter that could have been discovered with reasonable due diligence. As such, the Court does not find reason to reconsider the motion for attorney's fees. Accordingly, the motion for reconsideration is DENIED.

### b. Attorneys Fees

Having already found that an award of fees is warranted, the issue presently before the Court is the amount of fees to be awarded. In calculating an award of attorney's fees, there is a two-step process. Capozzi v. City of Albany, 565 F. Supp. 771, 774 (N.D.N.Y. 1983). The first step in "determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id.

(quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  This is known as fixing the "lodestar" amount.  Capozzi, 565 F. Supp. at 774 (citing Cohen v. West Haven Bd. of Police Comm'rs, 638 F.2d 496 (2d Cir.1980), City of Detroit v. Grinnell Corp., 560 F.2d 1093, 1098 (2d Cir.1977)).  In the second step, "the court may adjust the lodestar figure upward or downward."  Capozzi, 565 F. Supp. at 774.  The upward or downward adjustment "may be made to reflect subjective factors such as 'the risk and complexity of the litigation and the quality of the representation.'"  Id. (quoting Cohen, 638 F.2d at 505)).  In fixing "the rate of compensation to be awarded it is important to note that the court is not bound by the rate which a lawyer charges his other clients."  Capozzi, 565 F. Supp. at 774 (citing McCann v. Coughlin, 698 F.2d 112, 130 (2d Cir. 1983)).  The reasonableness of the rate "should be measured according to the normal rate in the legal community for substantially similar work by competent practitioners."  Id. (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 718 (5th Cir. 1974)).  This District has concluded that ". . . the reasonably hourly rates in this District, i.e., what a reasonable, paying client would be willing to pay, were $210 per hour for an experienced attorney, $150 per hour for an attorney with four or more years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals."  Van Echaute v. Law Office of Thomas Landis, Esq., 2011 WL 1302195, at *3-4 (N.D.N.Y. 2011) (citing Picinich v. United Parcel Serv., 2008 WL 1766746, at *2 (N.D.N.Y. 2008) (citing, inter alia, New Paltz Cent. School Dist. v. St. Pierre, 2007 WL 655603, at *2 (N.D.N.Y. 2007))).

According to Defendant's Affidavit, Defendant's outside counsel, Attorney Cummings, is an experienced attorney.  ECF No. 144 at 4.  The invoices show that Attorney Cummings billed Defendant for her services at a rate of $125 per hour.  Aff. in Supp., Ex. B, ECF No. 144-2.  Based on these submissions, the Court finds that Defendant's outside counsel is an experienced attorney and that her hourly rate of $125 is reasonable.

The invoices that Defendant submitted in place of contemporaneous time records list charges for various legal services provided by Attorney Cummings. See ECF No. 144-2. The Court finds that these entries are sufficiently detailed to determine the type of work that Attorney Cummings performed and, thus, there is sufficient information upon which to base an award of attorney's fees. See New Paltz Cent. School Dist., 2007 WL 655603 at *2.

Based upon its review of the invoices, the Court calculates the amount of attorney's fees that Attorney Cummings incurred is $27,543.75 (220.35 hours multiplied by $125 hourly rate). In addition to the attorney's fees, the invoices show costs for service of process, subpoenas, court reporting, medical records, teleconferences, postage, and photocopies totaling $1,432.60. Combining Attorney Cummings's legal fees with the associated costs, the Court finds a total amount of $28,976.35.[1] The amount excludes $737.50 for the 5.90 hours spent on the defense of Plaintiff's state claims bringing the lodestar total for Attorney Cummings to $27,801.35.

The calculations in determining Attorney's Seachrist's attorney's fees are more complex. Attorney Seachrist is the attorney in the City of Binghamton Office of the Corporation Counsel assigned to this matter. ECF No. 144 at ¶ 6. Attorney Seachrist is a salaried attorney and, based upon his salary, benefits, and work-week hours, calculated his own hourly rate as $59.22. Id. at ¶ 9. Moreover, the Defendant only asks to be awarded for Attorney Seachrist's hourly work on the May 1, 2012 Motion for Summary Judgment. Id. at ¶ 12. However, Attorney Seachrist does not have time records which detail time spent on this matter. Instead, he states "[w]hile the Office of Corporation Counsel does not maintain hourly records, Deponent can certify that he ordinarily spends more than one hour per page in the Memorandum of Law drafting all of the motion papers and preparing the attached

---

[1] The Court notes that this figure is different than Defendant's reported $28,538.85. See ECF No. 144 at ¶ 20. The difference between the Court's total and the Defendant's total is $437.50, or 3.5 hours of Attorney Cummings's $125 billable hourly rate. This happens to be the total for the October 4, 2011 invoice #3138. See ECF No. 144-2 at 12-13. The Court is assuming the Defendant intentionally did not include this invoice and the Court will proceed in its analysis using Defendant's total requested amount for Attorney Cummings's fees as $27,801.35.

exhibits." Id. at ¶ 13. Attorney Seachrist states that the memorandum is 20 pages,[2] and, therefore, he seeks an award of attorney's fees for 20 hours, totaling $1,184.40. Id. at ¶ 14-16.

"It is well settled that attorney's fees may be awarded for in-house attorneys." Rescuecom Corp. v. Chumley, 2011 WL 1204758, at *12 (N.D.N.Y. 2011) (citing Holmes v. NBC/GE, 168 F.R.D. 481, 482 n. 3 (S.D.N.Y. 1996), Video-Cinema Films, Inc. v. Cable News Network, Inc., 2004 WL 213032, at *6 (S.D.N.Y. 2004). Salaried lawyers are eligible for an award of attorney's fees as long as they have demonstrably contributed to the legal services of the client[3] and not acted merely as a liaison between the client and outside counsel. See Fed. Deposit Ins. Co. v. Bender, 182 F.3d 1, 6 (D.C. Cir. 1999) (holding that an award of fees to in-house counsel is not permissible when in-house counsel acts as a "mere liaison" between client and outside counsel). In addition, it is necessary for the salaried attorney to keep detailed time records reflecting substantive legal services. See Travelers Indemnity, 2002 WL 2005717 at *1-2 (holding that fees can be awarded to a salaried attorney whose affidavit demonstrated he "participated actively" (and not merely acting as a liaison) in meetings concerning the case)); see also El Dorado Irrigation Dist. v. Traylor Bros., 2007 WL 512428, at *5 (E.D. Cal. 2007) (holding that an award of attorney's fees to a salaried attorney should be denied when the salaried attorney fails to "distinguish" their time "representing [the client] as a lawyer" and their time acting as a "client representative"). Finally, the salaried attorney filing a court appearance weighs in favor of a court awarding attorney's fees. See, e.g., Del. Valley Citizens Council for Clean Air v. Penn., 762 F.2d 272, 278 (3d Cir. 1984),

---

[2] Attorney Seachrist states that the memorandum is 25 pages in length, but since 5 of those pages discuss the state claims, only 20 pages would be eligible for an award of attorney's fees.

[3] In Travelers Indemnity Co. of Illinois v. Millard Refrigerated Services, the court ruled that "[f]ees for work performed by in-house counsel are generally recoverable upon a showing that such counsel contributed something of substantive value to the litigation." Travelers Indemnity Co. of Ill. v. Millard Refrigerated Servs., 2002 WL 2005717, at *1-2 (D. Neb. 2002).

*rev'd on other grounds*, 475 U.S. 546 (1986), 483 U.S. 711 (1987); Advest, Inc. v. Carvel Corp., 2001 WL 665227, at *2 n. 1 (Sup. Ct. Conn. 2001).

There are two methods in calculating a salaried lawyer's attorney fees. See Nicholas N. Nierengarten, Fee-Shifting: The Recovery of In-House Legal Fees, 39 Wm. Mitchell L. Rev. 227, 233-34 (2012); see also Stephen J. Siegel & Christopher S. Moore, Recovering Attorney Fees for Litigation Work Performed by In-House Counsel, American Bar Association: In-House Litigator 3 (2008). The first is using the traditional lodestar method described above. See Nierengarten, at 234. The second method is the cost-plus approach. See PPG Indus., Inc., v. Celanese Polymer Specialties Co., 840 F.2d 1565, 1570 (Fed. Cir. 1988); Dana Corp. v. NOK, Inc., 1988 WL 156807, at *4 (E.D. Mich. 1988); In re Stewart v. Capital City Mortg. Corp., 2004 WL 3130573, at *16 (Bankr. D.D.C. 2004); Lacer v. Navajo Cnty., 687 P.2d 400, 404 (Ariz. Ct. App. 1984); Softsolutions, Inc. v. Brigham Young Univ., 1 P.3d 1095, 1107 (Utah 2000). The cost-plus approach is limited to the actual costs associated with the salaried lawyer, taking into account: "(1) the proportionate share of the party's attorney salaries, including benefits, which are allocable to the case based on the time expended; plus (2) allocated shares of the overhead expenses, which may include the costs of office space, support staff, office equipment and supplies, law library and continuing legal education, and similar expenses." Softsolutions, 1 P.3d at 1107. However, both methods require "the attorney to keep timely and accurate time records." Id. at 239. Time records that are "vague, incomplete, or created after the fact" may be reduced or outright denied. Id. at 235. The Second Circuit held that "any attorney – whether a private practitioner or an employee of a nonprofit law office – who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records . . . specifying, for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). The time records submitted in support of

an application for attorney's fees "must be sufficiently detailed to determine the reasonableness of the hours claimed for any given task." Parrish v. Sollecito, 290 F. Supp.2d 145, 171 (S.D.N.Y. 2003) (citing Sowemino v. D.A.O.R. Security, Inc., 2000 WL 890229, at *4 (S.D.N.Y. 2000)). "Where descriptions of work done are vague and ambiguous, the Court cannot assess the reasonableness of the entries. Thus, the fees for such work can be eliminated or reduced." Dotson v. City of Syracuse, 2012 WL 4491095, at *6 (N.D.N.Y. 2012) (citing Baim v. Notto, 316 F. Supp.2d 113, 122 (N.D.N.Y. 2003)). The Second Circuit still upholds this "hard-and-fast-rule 'from which attorneys may deviate only in the rarest of cases,' and . . . any deviations from this rule must be based on circumstances expressly found by the awarding court, in the first instance, to merit such deviation." Scott v. City of New York, 643 F.3d 56, 57 (2d Cir. 2011) (quoting Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010)).

Based on the foregoing, the Court finds that Attorney Seachrist's failure to keep detailed contemporaneous time records precludes an award of attorney's fees for time spent preparing the memorandum. Therefore, a request for a grant of attorney's fees as to Attorney Seachrist is denied.

In addition to Attorney Cummings fees and litigation expenses and Seachrist's attorney fees, Defendant also requests that the associated costs it incurred to defend this action be included in the award. ECF No. 144 at ¶ 17. Defendant requests the award to include an additional $2,889.00 for subpoena fees, service, deposition and medical review costs, all documented by invoices which Defendant has attached to its brief. The Court has reviewed Defendant's invoices for the associated litigation costs and has found them to be reasonable for this case.

Accordingly, subject to the ensuing discussion, Defendant is entitled to an award of attorney's fees and costs totaling $31,865.35.

The Court believes that Plaintiff's economic situation must be taken into account in

any attorney fee award. In considering the party's economic situation, "[a]mong the equitable factors a court may consider in exercising its discretion are the plaintiff's indigence and financial hardship." Burchette v. Abercrombie & Fitch Stores, Inc., 2010 WL 3720834, at *4 (S.D.N.Y. 2010) (citing Eldaghar v. City of New York Dep't of Citywide Admin. Servs., 2010 WL 1780950, at *1 (S.D.N.Y. 2010); Commer v. McEntee, 2007 WL 2327065, at *3 (S.D.N.Y. 2007)). However, "indigency *per se* does not preclude an award of costs against an unsuccessful litigant." Burchette, 2010 WL 3720834 at *4 (quoting Whitfield v. Scully, 241 F.3d 264, 273 (2d Cir. 2001)). "[W]hile the Court will take into consideration the Plaintiff's modest financial circumstances, it will not deny Defendants recovery of all their costs." Burchette, 2010 WL 3720834 at *4 (citing Karmel v. City of New York, 2008 WL 216929, at *2-3 (S.D.N.Y. 2008) (taking into consideration the financial disparity between the parties, but not precluding costs against a plaintiff living on a pension and disability benefits); Pierre v. City of New York, 2008 WL 1700441, at *4 (E.D.N.Y. 2008) (declining to deny all costs to defendants where plaintiffs did not assert actual indigency, had retained two attorneys to represent them in the action, and simply argued that they could not afford the costs; noting, however, that even if plaintiffs were indigent, it would not warrant denying all costs); Miller v. City of New York, 2007 WL 188664 (E.D.N.Y. 2007) (finding that plaintiff who was unemployed, receiving disability benefits, and had children to support, did not meet his burden of showing that the equities warranted a wholesale denial of costs); Hickey v. City of New York, 241 F.R.D. 150, 153-54 (S.D.N.Y. 2006) (concluding that, where plaintiffs did not even assert actual indigency, had retained two attorneys to represent them, and merely asserted that they could not afford to pay costs, there would be no denial of costs)).

Here, Plaintiff is no longer actively employed and has "received only Social Security disability income since 2004." ECF No. 148 at 1, 2. Based on this information, the Court believes that Plaintiff's financial hardship renders her unable to pay the full award of attorney's fees and costs to Defendant, totaling $31,865.35. Accordingly, in exercising its

discretionary powers, the Court will reduce the award of attorney's fees and costs by two-thirds.

## IV. CONCLUSION

For the foregoing reasons, it is hereby:

ORDERED that Plaintiff's Motion for Reconsideration is DENIED and Defendants' motion for attorneys' fees is GRANTED in the total amount of $10,621.78.[4]

IT IS SO ORDERED.

Dated: December 17, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[4] This is two thirds of the total calculated attorney's fees and costs. Attorney Cummings's fees and costs total $28,976.35. No fees were awarded for the services of Attorney Seachrist, but the City was granted litigation costs totaling $2,889.00. The combined total equals $31,865.35. Two-thirds of the total fees and costs equals $10,621.78.