UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CECILIA NICHOLAS,

                       Plaintiff,

       v.                               10-CV-1565

CITY OF BINGHAMTON, NEW YORK, and
Binghamton Police Officers CHARLES HARDER,
JAMES MOONEY, Capt. JOHN CHAPMAN, and
Chief JOSEPH ZIKUSKI.

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Before the Court is Defendants' Motion for an Order from the Court Requiring Plaintiff to Secure and Produce Additional Portions of the Trial Transcript to be Made Part of the Record on Appeal. See dkt. # 155. Plaintiff has responded, and has additionally moved for an Order from the Court Compelling the Defendants to Produce Transcripts of Witness Interviews, which were conducted before trial. See dkt. #156.

### I. BACKGROUND

Plaintiff Cecilia Nicholas commenced the instant action against the City of Binghamton and Binghamton Police Officers Charles Harder, James Mooney, Captain John Chapman, and Chief Joseph Zikuski (collectively "Defendants") pursuant to 42 U.S.C. § 1983. The case involved Plaintiff's claims that Defendants falsely arrested her, used excessive force in that arrest, engaged in an illegal search, retaliated against her for

exercising her free speech rights, violated her rights under the Americans with Disabilities Act, and committed various state-law violations. The Court dismissed most of Plaintiff's claims upon Defendants' summary judgment motion. See dkt. # 54. A jury returned a verdict in the Defendants' favor on Plaintiffs' remaining claims for excessive force, battery, and violation of N.Y. Civil Rights Law Art. 2 § 8 on June 25, 2013. See dkt. # 131. After the Court granted Defendants' motion for attorney's fees and denied the Plaintiff's motion for reconsideration, Plaintiff filed a notice of appeal. See dkt. #s 143, 149, 150. In preparation of her appeal, Plaintiff requested production of only portions of the trial record. See dkt. #s 153, 154, text notice of 5/16/14. Defendants thereafter filed a motion to compel production of additional portions of the record pursuant to Federal Rule of Appellate Procedure 10(b). See dkt. # 155. In responding to that motion, Plaintiff filed a cross-motion seeking an order from the Court compelling the Defendant to produce transcripts of witness interviews conducted before trial and requesting that the Court refer Defendants' counsel to disciplinary authorities. See dkt. #156. Defendants responded that Plaintiff's allegations regarding the additional transcripts and attorney misconduct required production of the entire trial transcript.

## II. ANALYSIS

### A. Defendants' Motion

Defendants seek production of additional portions of the trial transcript in order to defend against Plaintiff's appeal. Federal Rule of Appellate Procedure 10(b) provides the procedures by which an Appellant is to order and prepare the record for appeal. Under that provision, the appellant is required to either "order from the reporter a transcript of such proceedings not already on file as the appellant considers necessary" or "file a certificate

stating that no transcript will be ordered." FED. R. APP. P. 10(b)(1)(A)-(B). When the appellant plans to allege on appeal that "a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." FED. R. APP. P. 10(b)(2). Moreover, an appellant who fails to order the entire transcript "must–within the 14 days provided in Rule 10(b)(1)–file a statement of the issues that the appellant intends to present on the appeal and must serve on the appellee a copy of both" that statement and the order for the transcripts. FED. R. APP. P. 10(b)(3)(A). Within 14 days of such service, an appellee who "considers it necessary to have a transcript of other parts of the proceedings" must "file and serve on the appellant a designation of additional parts to be ordered." FED. R. APP. P. 10(b)(3)(B). If the appellant does not order the additional parts of the record appellee requests within 14 days, the appellee may "either order the parts or move in the district court for an order requiring the appellant to do so." FED. R. APP. P. 10(b)(3)(C). "[T]he appellant 'must comply with Rule 10(b) and must do whatever else is necessary to enable the clerk to assemble and forward the record.'" Wuersching v. City of Mt. Vernon, 127 Fed. Appx. 8, 9 (2d Cir. 2005) (quoting FED. R. APP. P. 11(a)).

Plaintiff ordered only a partial transcript of the trial, ordering the testimony of three witnesses: Physician Assistant Joseph Brunt, Police Officer James Mooney and Police Officer Charles Harder. In ordering the partial transcript, Plaintiff also identified the issues to be addressed on appeal. Those issues are:

> 1. Whether it was a deprivation of due process for the District Court to make findings of frivolousness against the plaintiff without providing notice and an opportunity to be heard;

> 2. Whether there was a sound basis in facts and law for the plaintiff's civil rights claims so as to preclude a finding of frivolousness;
>
> 3. Whether the District Court erred in its interpretation of the standard required to make a finding of frivolousness;
>
> 4. Whether the District Court made a correct application of the law regarding attorney [sic] fees to the facts of this case;
>
> 5. Whether the District Court's decision accurately recites the evidence in this case that it uses to support its findings; and
>
> 6. Whether the defendant [sic] counsel made material misrepresentation [sic] of facts and evidence that misled the court to believe the claims were unreasonable and without foundation.

Defendants contend that the portions of the transcript ordered by the Plaintiff are insufficient to address these issues and moves this Court for an order directing the Plaintiff to obtain copies of additional testimony. Defendants point to the testimony of twelve additional individuals: James VanDunk, the driver of the NYSEG truck involved in the incident; Colleen Matthews, a witness and neighbor; Carol Bentley, a witness and neighbor; Keith Nicholas, Plaintiff's husband; Dr. Farquq Alkalidi, Plaintiff's medical witness; Timothy Keegan, EMT; ER Doctor Maysoon Naman, M.D.; ER Nurse Kathy Conboy; CPEP evaluator Anistasia Spiratos; Dr. Burk Jubelt, Plaintiff's treating physician; Dr. Michael Rouhana, Plaintiff's second treating physician; and Plaintiff. Plaintiff disputes the need for ordering some of this evidence. She alleges that information on her medical condition is already part of the record. She also contends that the testimony of Dr. Jubelt actually supported her position.[1] In reply to

---

[1] Plaintiff's response could be read to admit that Defendants' motion should be granted. Plaintiff states that "perhaps it is necessary to transcribe the entire record in light of the serious misrepresentations propounded by the defendant's counsel throughout this matter." See Plaintiff's Response to Defendants' Motion, dtk. # 156, at 3. Plaintiff also alleges that "[i]t will be a huge hardship to me economically to bear the cost of transcription of the entire trial." Id. at 2. That question is separate and distinct from the question presently before the Court, and Plaintiff has not sought any relief in that respect.

- 4 -

Plaintiff's response and cross-motion, Defendants contend that Plaintiff's allegations regarding evidence not produced at trial require that the Court order production of the entire trial transcript.

Rule 10 "'imposes a burden upon [the appellant] to print all of the evidence, good and bad, material to the point [s]he wishes to raise.'" Hayes v. Consolidated Service Corp., 517 F.2d 564, 566 (1st Cir. 1975) (quoting Chernack v. Radlo, 331 F.2d 170, 171 (1st Cir. 1964)). Failure to provide such a record denies the Court of Appeals the means to "conduct meaningful appellate review." Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000). An appellant who fails to provide the Court of Appeals "with a transcript of the proceedings below . . . has waived on appeal any contention that the district court's findings of fact were clearly erroneous." Keller v. Prince George's County, 827 F.2d 952, 954 n.1 (4th Cir. 1987). The Court of Appeals may dismiss an appeal for failure to file the appropriate transcripts. Gayle v. Walker, 148 F.3d 214 (2d Cir. 1998).

The Court finds that the material sought to be added to the record on appeal by the Defendants is relevant and material to the issues raised by the Plaintiff. The Court will grant the Defendants' motion in this respect. The issues which Plaintiff raises on appeal include the question of whether the Court had a "sound basis in facts and law for the plaintiff's civil rights claims so as to preclude a finding of frivolousness," whether the Court "made a correct application of the law regarding attorney fees to the facts of this case," and whether "the District Court's decision accurately recites the evidence in this case that it uses to support its findings."[2] These claims implicate all of the evidence Defendants seek. Plaintiff asserts that

---

[2]The Court concludes that these claims indicate that Plaintiff finds that there is a lack of evidence to support the Court's findings of frivolousness. Federal Rule of Appellate Procedure 10(b)(2) provides that "[i]f
(continued...)

the evidence was insufficient to support the Court's finding that Plaintiff had no basis in fact for her claims. Plaintiff ordered the testimony of only three witnesses, even though other witnesses testified about the events of the day in question and the injuries that Plaintiff allegedly suffered. Providing only the evidence Plaintiff seeks to include would not permit the Court of Appeals to undertake meaningful review. The Court will therefore grant the Defendants' motion and order the Plaintiff to order the additional portions of the trial transcript requested by the Defendants.

### B. Plaintiff's Motion

Plaintiff responded to the Defendants' motion with a series of allegations concerning the need for additional evidence to be collected in this case and submitted for the consideration of the Court of Appeals. Plaintiff seeks the transcription of taped interviews of witnesses provided to her by the Defendants, to be paid for by the Defendants. In finding that the Plaintiff must pay Defendants' attorneys fees, the Court referenced these recordings, noting that "Plaintiff was provided with recorded statements of three eye-witnesses that did not support her version of events." See dkt. # 143 at 5. One of the bases for awarding fees was Plaintiff's insistence on going to trial in the face of this evidence. Id.

Plaintiff asserts that these recordings must be transcribed at Defendants' expense because they undermine the Court's finding that Plaintiff had no basis for believing that she could prevail on her excessive force claims at trial. She alleges that she had provided Defendants with the identity of additional witness to the incident in question within the first

---

[2](...continued)
the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to the finding or conclusion." FED. R. APP. P. 10(b)(3). The record ordered by the Plaintiff does not meet this requirement.

week after the event, and then again during her mandatory Rule 26 disclosures. See Plaintiff's Response, dkt. # 156 at ¶ 4. In August 2012, Defendants' attorney signed pleadings indicating that the statements of these witnesses had been recorded, and that they offered no support for Plaintiff's claims. Id.

Plaintiff contends that these witness statements were recorded long past the close of discovery. Id. She asserts that she received these recorded interviews in September 2012 and used them in filing a *pro se*[3] motion for reconsideration of the Court's decision awarding Defendants attorneys fees. Id. at ¶ 5. She thus argues that Defendants should be required to pay the costs for transcription because Defendants cited the recordings as proof that Plaintiff knew that little support existed for her claims and pressed them anyway. Id. at ¶ 6. Plaintiff contends that the recordings prove just the opposite, and references the recordings for that claim. Id. at ¶¶ 7-9. Plaintiff also asserts that the audio recordings demonstrate that Defense counsel was aware that these recordings contradict the contents of 911 tapes and transcripts. Id. at ¶ 10. She claims that 911 transcripts may have been tampered with. Id. at ¶ 7. Such contradictions, Plaintiff insists, demonstrate that public officials engaged in fraud in this litigation, and that Defense counsel was aware of that fraud and did nothing to bring it to light. Id. Plaintiff asserts that this conduct mandates sanctions and requires an investigation by disciplinary authorities. Id. at ¶¶ 12-14. She intends to file a separate motion for Rule 11 sanctions. Id. at ¶ 14.

---

[3]Plaintiff is an attorney, but was represented by counsel at trial.

Plaintiff's cross-motion makes clear that she had access to the material which she now claims must be transcribed at the Defendants' expense before trial.[4]  The motion also makes clear that the evidence was never used at trial, even though Plaintiff had that evidence in her possession and could have attempted to bring such evidence before the Court at that time.  She therefore fails to explain how the evidence from the recordings is relevant to any issues she raises regarding the evidence at trial and the Court will not order production on that basis.

Plaintiff does intend to raise on appeal the issue of the Court's decision imposing sanctions for frivolousness against the Plaintiff, particularly because of the Court's reliance on these recordings.  Plaintiff contends these recordings support her contention that the case was not frivolous.  To the extent that Plaintiff believes that such evidence supports her claims, she can certainly attempt to convince the Court of Appeals to consider any evidence she produces.  Here, however, Plaintiff is not seeking simply to have the transcripts added to the record.  Instead, Plaintiff seeks an order from the Court directing the Plaintiff to pay for the cost of such transcription.  As explained above, Rule 10 concerns the record the appellant produces for appeal.  The rule does not address the cost of producing the record except in criminal cases.  Plaintiff's attempt to supplement the record is not the issue here.

Plaintiff cites to no authority for her argument that the costs of this portion of her appeal must be borne by the Defendants.  Plaintiff filed no motion before trial requesting assistance in such transcription, nor did she seek such aid when responding to the motion for sanctions.  Plaintiff simply implies here that her lack of limited resources would prevent her

---

[4]According to the Defendants, this material was recorded as part of trial preparation, but were nevertheless provided to the Plaintiff six months before the trial date.  See Defendants' Reply to Plaintiff, dkt. # 157 at ¶¶ 23-26.

- 8 -

from paying for the transcription itself and seeks to have the Court shift the costs to the Defendants.  Plaintiff makes this request even though she acknowledges that Defendants provided her with copies of recordings Defendants made of witnesses identified by the Plaintiff.  Leaving aside the question of how Plaintiff can introduce evidence on appeal that she did not produce in the court below, the Court finds that this is no basis for laying the costs of transcription on the Defendants, even on an equitable basis.  Plaintiff had ample opportunity to have the statements transcribed and introduced into the record before this point.  She cites to no federal rule that requires that the Defendants offer her transcripts of these recordings, which were made as part of Defendants' trial preparation.  The Court finds no reason why the occasion of an appeal suddenly shifts responsibility for introducing transcripts of material that Plaintiff deems necessary to the Defendant.  The Plaintiff's motion is denied.

Plaintiff also contends that the conduct of Defendants' counsel in this matter is sanctionable under Federal Rule of Civil Procedure 11.  She promises to file a separate motion on this issue, but asks the Court to refer the case to the appropriate disciplinary authorities for investigation of her claims of attorney and police misconduct.   The Court will deny this portion of the motion as well.  Any actual motion for sanctions is not before this Court.  The case is presently on appeal and before this Court only for the purposes of addressing Defendants' motion pursuant to Rule 10(b).  Moreover, the Court finds no basis to refer any party for disciplinary conduct. Defendants provided Plaintiff with the evidence in question before trial.  The fact that the Plaintiff lost her arguments about the importance and

meaning of that evidence is no basis for concluding that Defendants' counsel or any witness in the case is subject to disciplinary actions.[5]

**IV.     CONCLUSION**

For the reasons stated above, Defendants' Motion for an Order from the Court Requiring Plaintiff to Secure and Produce Additional Portions of the Trial Transcript to be Made Part of the Record on Appeal is hereby GRANTED.   The Plaintiff is ordered to secure and produce the trial testimony of the following:  James VanDunk; Colleen Matthews; Carol Bentley; Keith Nicholas; Dr. Farquq Alkalidi; Timothy Keegan, EMT; Dr. Maysoon Naman; Kathy Conboy; Anistasia Spiratos; Dr. Burk Jubelt; and Dr. Michael Rouhana.

IT IS SO ORDERED.

Dated:   July 1, 2014

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[5]The Court will not, however, order that the *entire* trial transcript be produced, as Defendants request in their reply.  Defendants submit that the entire transcript is necessary to show that "no party submitted or used the 911 documents, witness recordings, Affidavit of Ms. Bentley or any Internal Affairs document during the trial.  Indeed, of the items addressed in Plaintiff's opposition, only Ms. Bentley's Affidavit has ever been provided to the Court; it was submitted in support of Defendants' motion for costs."  Defendants' Reply, dkt. # 157, at ¶ 6.  The Court does not read the Plaintiff's response to contend that any of this evidence was submitted at trial; the parties appear to agree on that issue.  Defendants do not explain in any greater detail how introducing the entire trial record is necessary to address any specific evidence not already brought before the Court in the Defendants' original motion.